IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RK HOLDINGS, LLP D/B/A RURAL KING, | : |
| | : |
| *Petitioner*, | : |
| v. | : Civil Action No.: |
| | : |
| SETH GREBBIEN, individually and on behalf of all others similarly situated, | : |
| | : |
| *Respondent*. | : |

**PETITION TO COMPEL ARBITRATION**

Under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, petitioner RK Holdings, LLP d/b/a Rural King ("Rural King" or "Petitioner") hereby petitions this Court to enforce the arbitration clause ("Arbitration Clause") contained in the agreed-to warranty agreement ("Warranty Agreement" or "Agreement," attached hereto as Ex. A) entered into between Rural King and Respondent Seth Grebbien ("Mr. Grebbien" or "Respondent" and, collectively with Rural King, "Parties"). Specifically, this Court should compel arbitration in Coles County, Illinois of all claims made in the putative Class Action Complaint ("Class Action Complaint," attached hereto as Ex. B) that Mr. Grebbien improvidently filed in the Court of Common Pleas of Allegheny County, Pennsylvania, including Respondent's claims under the Magnuson-Moss Warranty Act ("MMWA"). Respondent filed his putative class action in Pennsylvania despite the clear forum selection clause ("Forum Selection Clause") in the Warranty Agreement, pursuant to which exclusive jurisdiction for any disputes relating in any way to the Warranty Agreement must be resolved in the federal and states courts in Illinois. For its Petition, Rural King alleges as follows:

## PARTIES

1. Rural King is an Illinois corporation with a principal place of business located in Coles County, Illinois at 4216 Dewitt Ave, Mattoon, Illinois, 61938.

2. Seth Grebbien is a citizen of Pennsylvania who resides in Adams County, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Petition under the Class Action Fairness Act, as codified at 28 U.S.C. § 1332(d) ("CAFA"). Mr. Grebbien's Class Action Complaint purports to bring a class action in which (i) the matter in controversy exceeds $5,000,000, exclusive of interests and costs, and (ii) a member of the putative class of plaintiffs is a citizen of a State different from the defendant, as Mr. Grebbien is a citizen of Pennsylvania and Rural King has its principal place of business in Coles County Illinois.

4. Additionally, minimal diversity exists between the parties under 28 U.S.C. § 1332(d)(2) for this Petition (and in the Class Action that this Petition addresses) because Petitioner is a citizen of Illinois and the Respondent, Mr. Grebbien, is a citizen of Pennsylvania.

5. The matter in controversy, inclusive of damages, potentially awardable attorneys' fees, and injunction costs, exceeds $5,000,000 because the Class Action Complaint seeks to certify a nationwide "Damages Class" of "[a]ll persons in the United States who," within the last four years before the complaint was filed, "purchased from [Rural King] one or more products that costed more than $15 and that already included a manufacturer's warranty in the product's underlying purchase price" Ex. B ¶ 56, as well as an injunctive class of "[a]ll persons in the United States who," within the last four years, purchased a product that included a manufacturer's warranty, *id.* ¶ 55. Respondent also names an injunctive class, *id.* ¶ 55, and seeks attorneys' fees pursuant to statute, *id.* at 17. Accordingly, the damages, attorneys' fees and costs of injunction

sought be Mr. Grebbien's Class Action Complaint exceeds $5,000,000, exclusive of interest and costs.

6. This Court also has jurisdiction over Respondent because Respondent, in the Warranty Agreement's Forum Selection Clause, submitted to the exclusive jurisdiction of state and federal courts of Coles County, Illinois, which is within the jurisdiction of this Court.[1]  *See* Ex. A § VII(B).

7. Venue is proper in this Court because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed an arbitration must or could take place. The arbitration clause provides that any arbitration shall be held in Coles County, Illinois, any which location would be within the judicial district encompassed by this Court.

## FACTUAL ALLEGATIONS

8. Respondent purchased a product from Rural King and, with it, elected to purchase the Warranty Agreement from Rural King providing coverage for the Product.

9. The Warranty Agreement was subject to Rural King's terms and conditions as set forth in the Agreement. *See* Ex. A.

10. The Agreement's terms and conditions includes a binding arbitration clause (the "Arbitration Clause"), which requires that any disputes, controversies, or claims arising out of or relating to the Agreement shall be settled by arbitration administered by the American Arbitration Association. The Arbitration Clause further specifies that arbitration shall be conducted in accordance with the AAA's Commercial Arbitration Rules and that the Federal Arbitration Act shall govern the proceedings:

> **Arbitration:** Any disputes, controversies or claims (collectively "**Claims**") arising out of or relating to this Agreement, *including but not limited to Claims arising out*

---

[1] Pursuant to this forum selection clause, even if this Court finds that it lacks jurisdiction over the Petition, the only appropriate court to compel arbitration or litigate the claims is in Coles County, Illinois. The state court in Pennsylvania lacks jurisdiction to compel arbitration or consider Respondent's claims.

*of or relating to any underlying transaction giving rise to this Agreement*, and including further, without limitation, Claims arising under contract, tort, statute, regulation, rule, ordinance or other rule of law or equity, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules in effect at the time the arbitration is commenced, and judgment on the award rendered by the arbitrators may be entered in any court of competent jurisdiction. You and We also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings. Any such arbitration shall be held in Coles County, Illinois, unless You and We mutually agree on a different location. . . . You and We understand and agree that this Agreement and the transactions contemplated hereby will have a material connection to interstate commerce and intend that the Federal Arbitration Act apply hereto.

Ex. A § VII(A) (emphasis added)

11.  On March 20, 2025, Respondent filed a class action complaint in the Supreme Court of Pennsylvania, Court of Common Pleas, Allegheny County, claiming that Rural King violated the Magnuson-Moss Warranty Act and seeking damages and injunctive relief on behalf of a nationwide class. *See* Ex. B.

12.  Prior to filing this petition, Rural King filed preliminary objections in the Pennsylvania Class Action on grounds that, among other things, the dispute is subject to a binding arbitration clause and that venue is improper in Pennsylvania due to the forum selection clause in the Agreement. *See* Ex. C.

13.  Because Respondent has filed the Pennsylvania Class Action, rather than submitting to arbitration in accordance with the arbitration clause, Respondent has evidenced his intent to refuse to arbitrate, and Rural King respectfully petitions the Court to compel arbitration.

## COUNT I
**(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)**

14.  Rural King repeats and re-alleges the allegations in paragraphs 1 through 13 above as if fully set forth herein.

15. The Federal Arbitration Act ("FAA") applies to an arbitration clause in a "contract evidencing a transaction involving commerce," with "commerce" defined as "commerce among the several States," *i.e.*, interstate commerce. 9 U.S.C. §§ 1, 2.

16. The arbitration clause is a valid agreement to arbitrate because no grounds at law or in equity exist to discharge enforcement.

17. The Arbitration Clause encompasses Respondent's claims in the Pennsylvania Class Action. Respondent alleges that he would not have agreed to purchase the warranty absent Rural King's alleged violation of the Magnuson-Moss Warranty Act, and the arbitration provision applies to "[a]ny disputes, controversies or claims (collectively "Claims") arising out of or relating to this Agreement, ***including but not limited to Claims arising out of or relating to any underlying transaction giving rise to this Agreement***, and including further, without limitation, Claims arising under contract, tort, statute, regulation, rule." Ex. A § VII.A.

18. Respondent filed a class action complaint in Pennsylvania state court in contravention of the Agreement's Arbitration Clause (and Forum Selection Clause).

19. The Agreement specifies that arbitration shall be held in Coles County, Illinois, unless the parties agree otherwise.

WHEREFORE, Rural King respectfully asks the Court to grant its Petition and compel the arbitration of Respondent Seth Grebbien's claim that Rural King violated the Magnuson-Moss Warranty Act, with the arbitration to be held in accordance with the rules of the American Arbitration Association and at a location within Coles County, Illinois, as well as any other relief in favor of Rural King that this Court deems just and proper.

Dated: July 18, 2025                                    Respectfully submitted,


                                            By:     */s/ Christopher S. Hennessy*
                                                   Christopher S. Hennessy
                                                   **COZEN O'CONNOR**
                                                   123 North Wacker Drive, Suite 1800
                                                   Chicago, IL 60606
                                                   Tel.: (312) 474-4493
                                                   chennessy@cozen.com

                                                   Michael B. de Leeuw
                                                   John J. Sullivan
                                                   **COZEN O'CONNOR**
                                                   3 WTC, 175 Greenwich St.
                                                   55th Floor
                                                   New York, NY 10007
                                                   T: (212) 908-1331
                                                   T: (212) 453-3729
                                                   mdeleeuw@cozen.com
                                                   jsullivan@cozen.com
                                                   Telephone:  412-620-6500

                                                   *Attorneys for Defendant RK Holdings, LLP*
                                                   *d/b/a Rural King*