E-FILED
Monday, 10 November, 2025  04:12:42 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| RK HOLDINGS, LLP D/B/A RURAL KING,<br>        Petitioner,<br><br>v.<br><br>SETH GREBBIEN, individually and on behalf of all others similarly situated,<br>        Respondent. | Case No. 1:25-cv-01296-JEH-RLH |

### Order

Now before the Court is Petitioner RK Holdings, LLP d/b/a Rural King's Petition to Compel Arbitration (D. 1).  This matter is fully briefed, and for the reasons set forth *infra*, the Petition is DENIED for lack of jurisdiction.[1]

### I

On July 18, 2025, Petitioner RK Holdings, LLP d/b/a Rural King (Rural King) filed its Petition to enforce the arbitration clause contained in a Warranty Agreement entered into by Respondent Seth Grebbien.[2]  Earlier, on March 25, 2025, Respondent Grebbien filed a class action complaint in the Court of Common Pleas, Allegheny County, Pennsylvania (Pennsylvania Class Action) claiming that Rural King violated the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.*, and seeking damages and injunctive relief on behalf of a nationwide class. The Petitioner states that it filed preliminary objections in the Pennsylvania Class

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

[2] In March 2021, Respondent Grebbien purchased a product – an inflatable hot tub – from Rural King together with a retailer's warranty for the product provided by Rural King.

Action prior to filing its Petition in this Court on grounds including that the dispute is subject to a binding Arbitration clause and that venue is improper in Pennsylvania due to the forum selection clause in the Warranty Agreement.[3] Because the "Respondent has evidenced his intent to refuse to arbitrate," Petitioner Rural King filed the instant Petition to Compel Arbitration. Pet'r's Pet. (D. 1 at ECF p. 4 ¶13). The Petitioner seeks an order compelling arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4. Section 4 of the FAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for

---

[3] The Arbitration clause (appearing in the "Arbitration" paragraph) which appears in the Warranty Agreement states, in relevant part:

> Any disputes, controversies or claims (collectively "**Claims**") arising out of or relating to this Agreement, including but not limited to Claims arising out of or relating to any underlying transaction giving rise to this Agreement, and including further, without limitation, Claims arising under contract, tort, statute, regulation, rule, ordinance or other rule of law or equity, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules in effect at the time the arbitration is commenced, and judgment on the award rendered by the arbitrators may be entered in any court of competent jurisdiction . . . Any such arbitration shall be held in Coles County, Illinois, unless You and We mutually agree on a different location . . . You and We understand and agree that this Agreement and the transactions contemplated hereby will have a material connection to interstate commerce and intend that the Federal Arbitration Act apply hereto.

Pet'r's Reply (D. 11-2 at ECF p. 2) (alteration in original). The forum selection clause (appearing in the "Governing Law" paragraph) states, in relevant part:

> Each party hereby submits to the exclusive jurisdiction of the courts of the federal and state courts located in Coles County, Illinois, and waives any objection to venue with respect to actions brought in such courts.

*Id.*

arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

## II

Specifically, the Petitioner argues the Respondent:  agreed to, and is bound by, the terms of the Warranty Agreement, including the Arbitration clause; no grounds at law or in equity exist to discharge enforcement; the dispute falls squarely within the scope of the Arbitration clause; and the Respondent has evidenced his intent to refuse to arbitrate by filing a class action complaint in Pennsylvania state court, completely flouting the arbitration provision.

The Respondent makes several arguments in opposition, including, among other things, lack of personal and subject matter jurisdiction, abstention under the *Colorado River* doctrine, the Petitioner's failure to show there is a valid contract it is a party to with an arbitration or forum selection clause, and enforcement of the arbitration clause would be unconscionable.  Because "[s]ubject matter jurisdiction is the first issue in any case," the Court begins there.  *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019).

### A

Petitioner Rural King states in its Petition to Compel Arbitration:

3.    This Court has subject matter jurisdiction over this Petition under the Class Action Fairness Act, as codified at 28 U.S.C. § 1332(d) ([]CAFA[]).  Mr. Grebbien's Class Action Complaint purports to bring a class action in which (i) the matter in controversy exceeds $5,000,000, exclusive of interests and costs, and (ii) a member of the putative class of plaintiffs is a citizen of a State different from the defendant, as Mr. Grebbien is a citizen of Pennsylvania and Rural King has its principal place of business in Coles County Illinois.

4.      Additionally, minimal diversity exists between the parties under 28 U.S.C. § 1332 (d)(2) for this Petition (and in the Class Action that this Petition addresses) because Petitioner is a citizen of Illinois and the Respondent, Mr. Grebbien, is a citizen of Pennsylvania.

Pet'r's Pet. (D. 1 at ECF p. 2).  In other words, the Petitioner seeks to invoke subject matter jurisdiction pursuant to CAFA alone.

Respondent Grebbien argues this Court lacks subject matter jurisdiction over his claim pursuant to the MMWA.  In short, his MMWA claims in his underlying Pennsylvania state court Class Action Complaint (D. 1-2 at ECF pp. 12-30) are that Rural King does not give consumers access to written warranties for a product costing more than $15, prior to sale, in a manner that complies with the "Pre-Sale Availability Rule".  Here, he argues no federal subject matter jurisdiction exists because the claim does not meet the specific jurisdictional requirements enumerated in the MMWA, the amount in controversy concerning the arbitrable portion of the Pennsylvania Class Action does not meet the amount in controversy required by CAFA for diversity jurisdiction, and the MMWA's specific jurisdictional language is not trumped by CAFA.

Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant".  28 U.S.C. § 1332(d)(2)(A).  Section 2310(d)(1)(B) of the MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States, subject to paragraph (3) of this subsection."   15 U.S.C. § 2310(d)(1)(B). Section 2310(d)(3) in turn provides in relevant part, "No claim shall

be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the action is brought as a class action, and the number of *named* plaintiffs is less than one hundred."  15 U.S.C. § 2310(d)(3)(C) (emphasis added).

Here, Respondent Grebbien is the only named plaintiff in the underlying Pennsylvania class action complaint, and so Section 2310(d)(3) of the MMWA is not satisfied.  He therefore argues that because CAFA does not trump the MMWA's specific jurisdictional language, the minimal diversity requirements of CAFA are not enough to bestow this Court with subject matter jurisdiction. Petitioner Rural King counters that this Court should follow its neighboring district courts and find that the MMWA does not strip this Court of jurisdiction under CAFA.

Indeed, several courts within the Seventh Circuit have found that CAFA provides an alternate basis for federal court subject matter jurisdiction.  *See, e.g., Velez v. RM Acquisition, LLC*, 670 F. Supp. 3d 620, 632 (N.D. Ill. 2023) (following other courts' reasoning in finding that "CAFA provides an alternative basis for federal court jurisdiction over a MMWA claim, even where the MMWA claims [sic] fails to satisfy MMWA's numerosity requirement."); *Castle v. Kroger Co.*, 634 F. Supp. 3d 539, 565 (E.D. Wis. 2022) (quoting *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 626 (D.S.C. 2006)) (finding "sound and persuasive" the reasoning of a federal district court in South Carolina "that Congress is presumed to have been aware of the MMWA's jurisdictional requirements when it passed CAFA and therefore must have intended to expand federal jurisdiction over class actions[]"); *O'Connor v. Ford Motor Co.*, No. 19-cv-5045, 2025 WL 792725, at *4 (N.D. Ill. Mar. 12, 2025) (stating that "In consideration of the Seventh Circuit's guidance regarding the liberal construction of CAFA, this Court is persuaded by the reasoning of the courts which have held that CAFA affords jurisdiction even where MMWA's jurisdictional requirements are not satisfied.").  Furthermore,

there is indeed a circuit split on this issue as noted by the Seventh Circuit. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 n.2 (7th Cir. 2021) ("The plaintiffs' new argument implicates a split in authority about the interaction between the class requirements under CAFA and the Magnuson-Moss Warranty Act." (citing *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1034-35 (9th Cir. 2020) and *Barclay v. ICON Health and Fitness, Inc.*, No. 19-cv-2970, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020)). As the United States District Court for the Southern District of New York observed in August 2023, "courts are divided into two camps" on this issue. *Ghaznavi v. De Longhi Am., Inc.*, No. 22 Civ. 1871, 2023 WL 4931610, at *8 (S.D.N.Y. Aug. 2, 2023).

On one side, courts which have found CAFA can serve as a permissible workaround to the MMWA's jurisdictional requirements explain that it was Congress's intent in enacting CAFA to expand federal jurisdiction over class actions, and several of those courts have further relied upon an analysis of CAFA's text. *Id.* (citing *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (unpublished opinion) and *Chavis*, 415 F. Supp. 2d at 626-28). The Southern District of New York summarized those cases to be stating that "[b]ecause MMWA claims are civil actions and are not otherwise excepted from CAFA's plain text, it follows under this logic that in enacting CAFA in 2005, Congress opened a second jurisdictional door for MMWA plaintiffs to access federal forums." *Id.*

Highlighting the Ninth Circuit's opinion in *Floyd* and the Third Circuit's opinion in *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177 (3d Cir. 2023), the Southern District of New York pointed out those and other cases decided differently in finding "the MMWA is the exclusive vehicle for federal class actions raising claims under that statute." *Ghaznavi*, 2023 WL 4931610, at *8. Those courts mainly focused on the language of the MMWA and "the interpretive presumption against repeal by implication." *Id.*; *see also Haw. v. Off. of Hawaiian Affs.*, 556 U.S. 163, 175

(2009) ("repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal [is] clear and manifest[]").

As for the first focus, the MMWA unequivocally states, "*No claim shall be cognizable* in a suit brought under paragraph (1)(B) of [Section 2310(d)] . . . if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C) (emphasis added). In other words, Section 2310's "plain text reflects that § 2310(d)(1)(B) provides the sole basis for proceeding in federal court." *Rowland*, 73 F.4th at 181. As for the second focus, the *Rowland* court, citing *Floyd*, explained CAFA and the MMWA can still coexist as the former "governs class actions that meet its jurisdictional requirements outside the narrow context of MMWA class actions." *Id.* at 184. The *Rowland* court continued that "giving force to the MMWA's more specific jurisdictional requirements is mandated by the 'basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.'" *Id.* Courts are to assume Congress is aware of existing law when it passes legislation. *Hall v. U.S.*, 566 U.S. 506, 516 (2012). The MMWA was enacted thirty years *before* CAFA, yet nothing in CAFA indicates Congress's intent to repeal or alter parts of the MMWA's jurisdictional requirements. *Floyd*, 966 F.3d at 1035.

Moreover, "'one of the most basic interpretive canons' [is] that we construe a statute 'so that no part will be inoperative or superfluous, void or insignificant.'" *Rowland*, 73 F.4th at 181 (quoting *Corley v. U.S.*, 556 U.S. 303, 314 (2009)). Hence, if Section 2310(d)(1)(A), allowing suit in any state court "of competent jurisdiction" with no additional jurisdictional requirements "included both federal and state courts, it would render § 2310(d)(1)(B) and Paragraph 3's jurisdictional requirements 'insignificant, if not wholly superfluous.'" *Id.* (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

7

The Southern District of New York ultimately sided with the Third and Ninth Circuits, finding "CAFA does not provide a work around to the MMWA's federal jurisdictional requirements." *Ghaznavi*, 2023 WL 4931310, at *9. Using the plain language canon of statutory interpretation, the Southern District of New York reasoned:

> The plain language of the relevant statutes, considered in context, makes clear that the MMWA is the exclusive source of federal jurisdiction over federal warranty claims . . . In this case, there is some tension between the principle that Congress legislates with knowledge of other statutes, which may favor the Sixth Circuit's view, and the principles that more tailored statutes control over general ones and that courts should construe statutes to coexist whenever possible, both of which favor the opposite conclusion. The Court gives more weight to the latter arguments because to hold otherwise would render meaningless the exacting jurisdictional requirements that Congress took care to include in the MMWA. It is an extraordinary thing for a court to effectively nullify a federal statute. *See Warth* [*v. Seldin*], 422 U.S. 490, 498 [(1975)] (describing the "proper — and properly limited — role of the courts in a democratic society"). Absent constitutional deficiencies, the power to amend or repeal federal statutes belongs exclusively to Congress. Because CAFA does not evince a clear intent by Congress to supplant the MMWA's jurisdictional requirements, the Court will not permit Plaintiff to evade them. *See Hawaii v. Off. of Haw. Affs.*, 556 U.S. 163, 175 (2009) (requiring "clear and manifest intent" congressional intent for implied repeal (internal quotation omitted)); *see also* Sarah Denis, *Using the Class Action Fairness Act As a Loophole Around the Magnuson Moss's Jurisdictional Requirements*, 19 J. CONSUMER & COM. L. 124, 128 (2016) ("[C]ourts should not allow CAFA to create a loophole on what Congress expressly set out in 1975.").

*Ghaznavi*, 2023 WL 4931610, at *9. This Court is persuaded by the more thorough textualist analysis made in the second camp of cases including *Floyd*, *Rowland*, and *Ghazvani*. This Court accordingly finds as those courts did; CAFA cannot supply this Court with subject matter jurisdiction over Rural King's Petition to Compel

Arbitration where Respondent Grebbien's underlying class action claim fails to satisfy the jurisdictional requirements of the MMWA. In light of this finding, the Court need not reach Respondent Grebbien's argument that his underlying MMWA claim does not satisfy the amount in controversy for CAFA jurisdiction.

B

Though the Court's lack of subject matter jurisdiction renders moot the parties' remaining arguments for and against the Court compelling arbitration, a few additional points bear mention. First, the Court notes that in several of the cases the parties cited, where the courts found federal jurisdiction existed pursuant to CAFA, the cases included state law claims. *See, e.g., Castle*, 634 F. Supp. 3d at 544 (bringing claims pursuant to Wisconsin and five other states' consumer fraud act statutes, fraud, unjust enrichment, and other claims along with breach of the MMWA); *Velez*, 670 F. Supp. 3d at 627 (claiming violations of the MMWA, together with related warranty claims, claims for violations of consumer protection statutes, and Illinois common law claims); *Kuns*, 543 F. App'x at 572 (including claims for violation of the MMWA and breach of express warranty under Ohio law); *Dack v. Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021) (named plaintiffs claiming violations of state consumer protection laws, breach of warranty, and violation of the MMWA, among other claims); *Barclay*, 2020 WL 6083704, at *2 (claiming violations of both Minnesota law and the MMWA). Here, Grebbien did not include any state law claims; he included just two claims for violation of the MMWA's Pre-Sale Availability Rule in his Class Action Complaint.

Second, the Petitioner seeks to invoke CAFA jurisdiction *only* rather than diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[]"). Even if Rural King

9

had sought to invoke traditional diversity jurisdiction, it would be unable to do so. *See Magruder v. Fid. Brokerage Servs., LLC*, 818 F.3d 285, 288 (7th Cir. 2016) ("if the claim sought to be arbitrated arises under federal law (or § 1332 applies), then per § 4 [of the FAA] the district court has subject-matter jurisdiction of a suit seeking an order to arbitrate[]"). "In the context of actions to compel arbitration, we have adhered to the rule that, in order to ascertain whether the jurisdictional amount for the diversity statute has been met, the appropriate focus is the stakes of the underlying arbitration dispute." *Am.'s MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). At the heart of the underlying dispute is Grebbien's purchase of a retailer's warranty, the cost of which, per Grebbien, would not have been incurred had Rural King complied with the MMWA's Pre-Sale Availability Rule. The cost of that retailer's warranty is not in the record, yet the information that is before the Court does not reveal an arbitrator could award an amount in excess of $75,000 to reimburse Grebbien for the retailer's warranty cost.[4] It is also telling that Petitioner Rural King makes no argument with regard to traditional diversity jurisdiction and instead strenuously argues for CAFA jurisdiction in its Reply (D. 11) without any resort to a traditional diversity jurisdiction argument.

### III

Lastly, a party such as Rural King seeking to enforce an arbitration clause is not technically without recourse when a lawsuit subject to that arbitration clause is filed in state court. "Under the FAA, state courts as well as federal courts are obliged to honor and enforce agreements to arbitrate." *Vaden v. Discover Bank*, 556 U.S. 49, 71 (2009) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984)); *see also Von Sick v. ANC Builders, Inc.*, 298 A.3d 424, 429 (Pa. Super. Ct. 2023) (citing 9 U.S.C.

---

[4] As Respondent Grebbien points out, Petitioner Rural King asks in the "Wherefore" paragraph of its Petition that the Court "compel the arbitration of Respondent *Seth Grebbien's claim* that Rural King violated the [MMWA] . . . ." Pet'r's Pet. (D. 1 at ECF p. 5) (emphasis added).

§ 2) ("Section 2 of the FAA binds state courts to compel arbitration of claims subject to an arbitration agreement.").  The Court need not delve further into this issue. On November 4, 2025, in its Order Overruling Defendant RK Holdings, LLP d/b/a Rural King's Preliminary Objections, the Pennsylvania Court of Common Pleas determined that Rural King "cannot avail itself of the arbitration clause contained in the Additional Warranty because it is not a party to the document[.]" Resp't Req. for Jud. Notice (D. 12-2 at ECF p. 2); *see Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020) (explaining that a court may take judicial notice of public records such as state court documents).[5]

**IV**

For the reasons set forth *supra*, Petitioner RK Holdings, LLP d/b/a Rural King's Petition to Compel Arbitration (D. 1) is DENIED as the Court lacks subject matter jurisdiction.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on November 10, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[5] The Respondent's Request for Judicial Notice (D. 12) is granted.

11
